Opinion of the Court.
IN 1803 James Whaley departed this life, leaving the following children his ^heiresses at law, to wit; *224 Harriet, Ann, Delila, Elizabeth and Barbara. Harriet afterwards intermarried with William Night; Ann, with. Daniel Talbot; Delila, with Elijah Hayden, and Eliza-with George Northcut.' Some time subsequent to the death of James Whaley, an order was made by the county court of Bourbon, appointing commissioners to divide among the children of the decedent, the slaves belonging to his estate. The commissioners accordingly made a division of the slaves, not, however, by allotting to each a slave equal in value, but without allotting any to Barbara, directing a sum equal to her proportion in value, to be paid to her by the other ebil-dred, who by the division received slaves in value greater’ than their proportion. Under the division made by the commissioners, a slave named Marcus, fell to Harriet, and her husband, William Night, afterwards actually received him into his possession.
Statement the case.
A suit was afterwards brought by William Night against his wife Harriet, and such proceedings were therein had, as that a decree divorcing him from his wife was finally pronounced, and the slave Marcus adjudged to be his property. William Night then sold Marcus to John Miller, through whom Lewis, the present appellant, obtained Marcus, and held the possession of him at the commencement of this suit.
At the time the division of the slaves was made by thé commissioners, Barbara was an infant under the. age of twenty-one years; and there is proof in the cause conducing to show that part of the children of James Wha-ley disapproved of the division, though others appear to have approbated it.
Under this state of facts, an action of detinue was brought against Lewis, by Harriet Night, Daniel Talbot and his wife Ann, Elijah Hayden and his wife Deli-la, George Northcut and his wife Elizabeth, and Barbara Whaley, by her next friend, to recover the slave Marcus.
The trial was had on the general issue, and various questions were made and decided by the circuit court; but as we suppose there is one which was incorrectly decided by that court, and which must be decisive against the action, we have not thought if material to notice any other.
1. The question to which we allude, is that which involves the propriety of the plaintiffs, upon proof of the *225 jprecedgugrfacts, maintaining their action of detinue against ^¡i§wis. Iri> ‘responding, to this question, we hare not deemed it necessary to enquire as to the validity of the division made by the commissioners undeb the order ofthe,.county Court. For, admittirg the invalidity of that division, Harriet Night, as one of the Ijpiresses ofher deceased father, must, at the time of her mar* riage with William Night, have held an interest in Marcus, and that interest was, by the subsequent sale of William Night, transferred to Miller, under whom Lewis holds the possession; and if the division be valid, the exclusive right to Marcus became vested in Harriet, and the subsequent sale by her husband, William Night, passed that right to Miller. So that whether the division be, or be not valid, the interest of Harriet Night in Marcus must have been transferred to Miller;' and consequently, from the facts proved on the trial, the detention of Marcus by Lewis can have conferred upon her no right of action.
By marriage the wife’s in* ^ves "vests in herW-band.
In an action of detinue, jJe¡rsStoreí cover a slave, if it shall ap-any one of the pi-.in tiffs oThifoHier^ intcrestinthfe slave, before ®ult was no°reoovery can be had. There is no principio of sfettiej^thaa that which rrecludcs one comrnonfrom maintaining against his ^0^0?de" tinue. •
2. If, therefore, no cause of action is shown to exist in Harriet Night, one of the plaintiffs in the court below, it follows conclusively, that the jury ought to'have been instructed by that court to find as in case of a nonsuit; for it is an established principle, that only those whose legal rights are invaded, should unite in an action for the injury; and if others do join, the objection is availing on a moljon for a nonsuit.
3. Rut upon- the supposition of the division made by the commissioners being invalid, Harriet Night is not only shown to have no cause of action; but it is also apparent, that the other plaintiffs would not have been entitled to recover, had she not joined in the action. Upon that supposition, as we have already seen, her right to Marcus has, by regular sale and transfer, passed to Lewis; and if so, Lewis must hold the possession as tenant in common with the other children of the decedent, Whaley; and there is no principle of law better settled, than that which precludes one tenant in common from re-coyering against his co-tenant, in py,action of detinue. \ / ■, •
The judgment against Lewis must, therefore, be reversed with costs, the cause remanded to' the court below, and further proceedings there had, not inconsistent with this opinion.